Seifert agt. Schillner.

---

---

## SUPREME COURT.

ANN SEIFERT, appellant, agt. MICHAEL SCHILLNER, respondent.

*Costs*— *allowed to plaintiff when defendant had noticed cause for trial but failed to try same, defendant attending pursuant to such notice, he not having noticed it himself.*

Where a party gives notice of trial, and then fails to try the cause pursuant to his notice or to countermand it in due season, he will be compelled to pay the opposite party who has omitted to notice the cause, but attends in obedience to the call of the party noticing, the costs of the term (*Reversing S. C.*, 62 *How., ante. Following, Potter* agt. *Lewis*, 18 *Wend.*, 516, *n.*; *Townsend* agt. *Cowen*, 19 *Wend.*, 639; 2 *Strange*, 797; 1 *Term Rep.*, 696).

*Fourth Department, General Term, January*, 1882.

*Before* SMITH, *P. J.*, HARDIN *and* HAIGHT, *JJ.*

APPEAL from an order of the special term denying a motion made by the plaintiff to compel the defendant to pay the costs of the May term of the Oneida circuit, 1881, held at Utica. The cause was noticed for trial by the defendant, but was not noticed by the plaintiff. The defendant did not countermand his notice, nor move the cause when called on the calendar. The motion was denied, as not in " accordance with the rules or practice of the courts or the provisions of the Code of Procedure."

Seifert agt. Schillner.

*Oswald Prentiss Backus*, for appellant.

I. At common law the plaintiff only could give notice of trial in personal actions. In actions of replevin, writs of prohibitions, writs of error where error in fact was assigned as a ground of error, and where a feigned issue was awarded in chancery, either party might give notice of trial. At an early date the defendant in personal actions had no means of punishing the plaintiff who unreasonably neglected to proceed with the cause. He was permitted, however, after the plaintiff's delay had become unreasonable to make up the record and apply to the court, showing plaintiff's conduct, when a rule was granted directing the trial of the cause by proviso. Trial by proviso obtained its name from a clause in the jury process, which directed the sheriff if two writs came into his hands (from the plaintiff and defendant) to bring the case on by the plaintiff's writ. After a trial by proviso had been granted either party might give notice of trial. Afterwards a remedy was provided which was cumulative, by which the defendant in personal actions was permitted to move for judgment as in case of non-suit. After the advent of this new remedy, trial by proviso fell into disuse because of its expense, and because the new remedy was more convenient and summary. Trial by proviso was in vogue in this state as late as 1827 (*People* agt. *Bank of Washington*, 7 *Cowen*, 519). In replevin, &c., the defendant was deemed an actor and after issue joined might give notice of trial, and bring the cause on for trial as under the Code. And, in any case, if either party gave notice of trial and then failed to countermand his notice in due season, or try the cause pursuant to his notice, he was compelled to pay the other party the costs of the term (2 *Archbold's Pr.*, 240, 241; 1 *Sellon's Pr.*, 413, *F.* 416, 418; 1 *Dunlap's Pr.*, 550, 556, 585, *note; Potter* agt. *Lewis* 18 *Wend.*, 516, *n.*; *Poltz* agt. *Curtiss*, 9 *Wend.*, 497; *Doe* agt. *Roe*, 5 *Hill*, 376; *Dauchy* agt. *Allen*, 3 *How.*, 212; *Townsend* agt. *Cowen*, 19 *Wend.*, 639; *Anonymous*, 7 *Hill*, 168; *Wilkinson* agt. *Poole*, 2 *Strange*, 797; 1 *Term Rep.*, 696;

2 *Sand.*, 336 *a*).   Formerly if the party gave notice of countermand in convenient season no costs were allowed (1 *Sellon's Pr.*, 413).   Under the present practice, notwithstanding a party countermands his notice, he must still pay all costs which have accrued intermediate the service of the notice of trial and the countermand (2 *Till & Sherman's Pr.*, 436 ; 3 *Wait's Sup. Ct. Pr.*, 37).

II.  Observe the similarities in the old and the new practice.   Under the old practice, if plaintiff neglected to proceed with the action defendant might move for judgment (2 *Archbold's Pr.*, 244; 1 *Dunlap's Pr.*, 552).   So by section 822 of the Code of Civil Procedure, if plaintiff neglects to proceed the defendant may move for a dismissal of the complaint.  ·Again, at common law either party might give notice of trial in replevin, writs of prohibition, &c.   By section 980 of the Code of Civil Procedure, either party may give notice of trial.   To decide that the old rule is not applicable is to say that it was an erroneous one.   Judge MULLIN, in the case of *Kent* agt. *Schuyler*, in December, 1880, affirmed the old rule and compelled a party to pay costs for not proceeding to trial pursuant to notice.

III.  The courts have always applied the rule to cases where applicable, although new (*Butler* agt. *Kelsey*, 14 *Johns.*, 342; 3 *How. Pr.*, 211 ; 6 *Hill*, 234).

IV.  It was the customary practice of the old supreme court and court of chancery to compel a party to pay costs in such cases as this (*Supreme Court Rule* 85).

*E. L. Stevens*, for respondent.   Where the plaintiff unreasonably neglects to proceed in the action the court may in its discretion, dismiss the complaint (*Code, sec.* 827).   But this relief may be refused if plaintiff excuses his neglect (*Champion* agt. *Webster*, 15 *Abb.*, 4) ; or if the defendant has been guilty of such conduct as prevents him from having the effect of the motion (*Id.*, 5).   By placing the cause on the calendar and not moving it, the defendant simply waived his

Tompkins agt. Smith.

right to move at special term for a dismissal of the complaint for neglect to prosecute (*Miller* agt. *Ring*, 18 *Abb.*, 244; *Bowles* agt. *Van Horn*, 11 *Abb.*, 84; 19 *How.*, 346; *Perkins* v. *Butler*, 42 *How.*, 101; *McCarthy* v. *Hancock*, 6 *How.*, 28). In the case at bar plaintiff was guilty of laches in not noticing the case for trial. The defendant excuses his failure to move the cause, because otherwise engaged. There is no reported case that holds defendant liable for costs. The defendant acted in good faith. The motion was properly denied.

*Held*, that the court has power under the present practice to and will compel a party who gives notice of trial and then fails to try the cause pursuant to notice, or countermand it in due season, to pay the costs of the term to the opposite party, who has omitted to notice the cause, but who attends in obedience to the call of the party noticing, prepared to try the case.

Order reversed, with ten dollars costs and disbursements.